IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CLAY ROUECHE,

                    Petitioner,

    v.

WARDEN E. EMMERICH,

                    Respondent.

OPINION and ORDER

24-cv-711-jdp

---

Clay Roueche, proceeding without counsel, is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. Roueche seeks a writ of habeas corpus under 28 U.S.C. § 2241, seeking an order directing the Bureau of Prisons to award him First Step Act time credits for time on work detail and to apply those and other First Step Act credits that entitle to him to immediate release on home confinement, at which time he would surrender to immigration authorities to consider his asylum request. I directed the government to respond to the petition, which it has. Roueche did not file a reply. After considering the parties' submissions, I will deny Roueche's petition because he is the subject of a final order of removal that prohibits application of those time credits.

ANALYSIS

Roueche states that the BOP has denied him First Step Act (FSA) time credits for his time on work detail and that it won't apply the other FSA time credits that he has earned because he is subject to an immigration detainer. The government raises a number of arguments in opposition but I need address only one: during the briefing of Roueche's petition, the Department of Homeland Security issued a final order of removal against him. *See* Dkt. 21-8.

That means that the BOP cannot now apply his First Step Act credits. *See* 18 U.S.C. § 3632(d)(4)(E)(i) ("[a] prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws"); *Altamirano v. Emmerich*, No. 25-cv-575-jdp, 2025 WL 3251106, at *1 (W.D. Wis. Nov. 21, 2025) ("the plain language of the First Step Act precludes application of earned credits once a final order of removal is reinstated, even after a habeas petition was filed.").

Roueche didn't file a reply brief, but from his other materials I take him to be saying that the order of removal doesn't apply because he is seeking asylum and that the order isn't valid because he is of American parentage. But his removal order remains in effect unless he prevails in proceedings before the immigration courts or a court of appeals. *Orji v. Warden, FCI Oxford*, No. 24-cv-300-jdp, 2026 WL 194517, at *2 (W.D. Wis. Jan. 26, 2026). He can't challenge the validity of his removal order in this district court. *See* 8 U.S.C. § 1252(a)(5) (generally, only the court of appeals has jurisdiction to review final orders of removal); *Nasrallah v. Barr*, 590 U.S. 573, 580 (2020) ("The REAL ID Act clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus [in all but limited cases not applicable here], and may be reviewed only in the courts of appeals."). So I will deny his habeas petition.

ORDER

IT IS ORDERED that:

1.  Petitioner Clay Roueche's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2.  The clerk of court is directed to enter judgment and close this case.

Entered April 7, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge